Larisa **KARAPETYAN**;
et al., Petitioners,

v.

Peter D. **KEISLER**,* Acting Attorney
General, Respondent.

No. 05–74397.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2007 **.

Filed Oct. 1, 2007.

Garbis N. Etmekjian, Vahan Aramyan, Glendale, CA, for Petitioners.

Larisa Karapetyan, Glendale, CA, pro se.

CAC–District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Mark L. Gross, Esq., U.S. Department of Justice, Civil Rights Division/Appellate Section, Kristofor J. Hammond, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

Larisa Karapetyan, and her son, Vahan Aramyan, natives and citizens of Armenia,

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

petition for review of the Board of Immigration Appeals' ("BIA") order affirming the Immigration Judge's ("IJ") denial of their application for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). We have jurisdiction pursuant to 8 U.S.C. § 1252.

Where, as here, the BIA affirms without an opinion, we review directly the IJ's decision. *See Falcon Carriche v. Ashcroft,* 350 F.3d 845, 849 (9th Cir.2003). We review for substantial evidence, *see Li v. Ashcroft,* 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The IJ offered specific and cogent reasons for his adverse credibility determination based on the implausibility of Karapetyan's lack of knowledge of her political party and of her testimony that the Armenian government would have opposed her party, which go to the heart of Karapetyan's asylum claim. *See Wang v. INS,* 352 F.3d 1250, 1257–58 (9th Cir.2003). Accordingly, substantial evidence supports the IJ's adverse credibility finding. *See Li,* 378 F.3d at 964 (concluding that, as long as one of the IJ's adverse credibility findings is supported by substantial evidence and goes to the heart of an asylum claim, we will accept the IJ's adverse credibility finding).

In the absence of credible evidence, Karapetyan has failed to show eligibility for asylum or withholding. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir.2003). Because Karapetyan's CAT claim is based on the same facts that the IJ found to be not credible, and Karapetyan points to no other evidence that the IJ should have

considered, she has failed to establish eligibility for CAT relief. *See id.* at 1157.

**PETITION FOR REVIEW DENIED.**